UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                        Plaintiff,     )<br>                                 )<br>v.                                 )<br>                                 )<br>ALL PROPERTY IN/UNDERLYING        )<br>E-GOLD ACCOUNT NUMBER:            )<br>                                 )<br>310679,                                                 )<br>                      Defendant.        )<br>_____)<br>**GitGold Worldwide, Inc.**                  )<br>                      **Claimant.**         )<br>_____) | Civil Action No. 07-1335 (RMC) |

**REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER**

      To comply with this Court's previous orders and LCvR 16.3, counsel for plaintiff United States of America and for claimant GitGold Worldwide, Inc., respectfully submit this report and a proposed scheduling order. There are no other parties in this case.

      1.     Counsel for the United States plaintiff and for claimant conferred electronically, by telephone and e-mail.

      2.     This is a civil forfeiture action *in rem*, which the United States filed on July 24, 2007, to forfeit the value assigned to the above-referenced e-gold account. The United States alleged several grounds for forfeiture, including: (1) that the defendant property was involved in money laundering (or a conspiracy to commit money laundering); and (2) that the defendant property was involved in the operation of an unlicensed money transmitting business. Plaintiff brought this action under 18 U.S.C. § 981(a)(1).

      3.     GitGold Worldwide, Inc., through its president, Jane Anderson, filed a verified claim to the defendant property and an answer to the forfeiture complaint, in which it opposes the

forfeiture, denies any unlawful conduct, denies that the property was involved in money laundering, and asks that the seized value, presently denominated as U.S. dollars, be returned to it. Claimant is represented by counsel, Mr. Scott M. Hare, of Bartony & Hare, LLP, and Mr. Jeffrey Jacobovitz, of Schiff Hardin, LLP. Plaintiff and claimant are the only parties before the Court in this matter, and they do not expect anyone else to join this case.

    4.    **The following information is provided consistent with Local Civil Rule 16.3(c)**:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not anticipate filing a dispositive motion before initiation of discovery. Plaintiff anticipates filing a dispositive motion after conclusion of discovery. Claimant also anticipates filing a dispositive motion after the conclusion of discovery.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties. They do not now anticipate amending the pleadings at this time, although plaintiff submits that an amendment to the complaint might be appropriate, depending upon what discovery reveals. If there is a need to join other parties or amend the pleadings, the parties will do so within 120 days of the report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties do not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a realistic possibility of settling the case.

**The Parties believe there is a realistic possibility of settlement and suggest that discovery should be deferred for two months to allow the parties to pursue settlement discussions.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their

clients.

**The Parties do not believe the case could benefit from the Court's ADR procedures at this time and recommend against taking any steps to facilitate such ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff anticipates filing a post-discovery motion for summary judgment. Claimant also anticipates filing a post-discovery motion for summary judgment.**

**The parties agree that if a post-discovery dispositive motion is to be filed, it should be filed within 45 days after the close of discovery; that the opposing party should have 30 days thereafter in which to file an Opposition; and that the moving party should have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and whether any changes should be made in the scope, form or timing of these disclosures.

**Plaintiff submits that Fed. R. Civ. P. 26(a)(1) is inapplicable to civil forfeiture cases. This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which took effect on December 1, 2006. Regardless, the parties consent to elimination of initial disclosures, which otherwise would be required by Fed. R. Civ.P. 26(a)(1).**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties believe that discovery could be completed in six months, and the proposed scheduling order reflects this. At this time, the parties do not see a need for particular limitations on discovery, provided that discovery does not adversely affect a related criminal case currently pending before this Court (07-cr- 107 (RMC)) .**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions should occur.

**Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified so that a proponent's**

**Rule 26(a)(2) statements will be due within 60 days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days after commencement of discovery.**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions**, **or, if no dispositive motions are filed, 60 days after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference.

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

        Respectfully submitted,

        /s/ *Jeffrey A. Taylor*
        JEFFREY A. TAYLOR, DC Bar #498610
        United States Attorney

        /s/ *William R. Cowden*
        William R. Cowden, DC Bar #426301
        Assistant United States Attorney
        555 4th Street N.W., Fourth Floor
        Washington, DC 20530
        (202) 307-0258; (202) 514-8707 (fax)
        William.cowden@usdoj.gov (e-mail)
        Counsel for Plaintiff United States

        and

/s/ *Scott M. Hare*
Scott M. Hare, PA I.D. #63818
Bartony & Hare, LLP
1806 Frick Building
437 Grant Street
Pittsburgh, PA 15219
(412) 338-8632
Smhare@bartlaw.com
Jeffrey S. Jacobovitz, DC Bar #346569
Schiff Hardin, LLP
1666 K Street, N.W., Ste 300
Washington, DC 20006
(202) 778-6438
Jjacobovitz@schiffhardin.com
Counsel for Claimant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, before filing this REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER, I obtained approval to do so from: Mr. Scott M. Hare and/or Mr. Jeffrey S. Jacobovitz and that I also caused it to be transmitted to them through this Court's ECF system upon filing with the Court, on the  19th  day of November 2007.

　　　/s/ *William R. Cowden*
William R. Cowden
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Civil Action No. 07-1335 (RMC) |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALL PROPERTY IN/UNDERLYING** | ) | |
| **E-GOLD ACCOUNT NUMBER:** | ) | |
| | ) | |
| **310679,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| **GitGold Worldwide, Inc.** | ) | |
| **Claimant.** | ) | |
| | ) | |

**INITIAL SCHEDULING ORDER**

This matter came before the Court following submittal by the parties of REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER. The times for completing the pre-trial matters, which are set forth below, run from the date of this Order.

Initial disclosures under Fed. R. Civ. P. 26 are inapplicable to this case. The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). Discovery shall commence 60 days after entry of this Order.

A party's Rule 26(a)(2) statements will be due within 60 days after start of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days after start of discovery. The parties shall have 180 days from its commencement to complete discovery. Dispositive motions, if any, shall be filed within 45 days of the close of discovery, with all further pleadings due within the time frames set forth in the applicable rules.

A trial will be scheduled at the pretrial conference which shall be held, if necessary, approximately 30 days after a decision on all post-discovery dispositive motions, or, if no

dispositive motions are filed, approximately 60 days after the close of discovery.

    SO ORDERED.

_____       _____
Dated                                                       ROSEMARY M. COLLYER
                                                             United States District Judge